## NATIONAL LABOR RELATIONS BOARD v. WESTERN MASSACHUSETTS ELECTRIC CO.

### No. 3670.

Circuit Court of Appeals, First Circuit.

June 12, 1941.

Edward Schneider, of Boston, Mass. (Robert B. Watts, Laurence A. Knapp, Ernest A. Gross, Hilda D. Shea, and Walter B. Wilbur, all of Washington, D. C., on the brief), for N. L. R. B.

David R. Pokross, of Boston, Mass. (J. C. Storey and Peabody, Brown, Rowley &

Storey, all of Boston, Mass., on the brief), for respondent.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

On this petition by the National Labor Relations Board for enforcement of an order against Western Massachusetts Electric Company (49 Stat. 454, 29 U.S.C.A. § 160) the only substantial question presented, in view of the stipulation executed by respondent, is whether, on the undisputed facts, the company is subject to the jurisdiction of the Board. The order, dated November 29, 1940, is copied in the footnote.[1]

We deem it unnecessary to set forth in detail the subsidiary facts as found by the Board. Its conclusions concerning the company's relation to interstate commerce are as follows:

"It is clear from the findings above (1) that the Company receives from outside Massachusetts a large quantity of the materials, supplies, equipment used by it in its operations, (2) that the Company purchases electrical energy which originates outside Massachusetts, (3) that a large area in Massachusetts is primarily dependent upon the Company for the generation, transmission, and distribution of electrical energy and that within such area instrumentalities of interstate commerce, including a railroad, telegraph and telephone companies, a radio broadcasting station, and a post office, as well as manufacturers who sell products in interstate commerce, use and are dependent upon electrical energy supplied by the Company. A cessation or interruption of the Company's business, such as would tend to accompany labor disputes between the Company and its employees (1) would affect the flow of electrical energy and a large quantity of other commodities received by the Company in interstate commerce; and (2) would burden and obstruct not only the operations of various instrumentalities of interstate transportation and communication but also the operation of the businesses served by the Company with power which manufacture and ship commodities in interstate commerce."

No novel point is raised. Under the decided cases, it can no longer be doubted that the National Labor Relations Act is applicable to the respondent. Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; Southern Colorado Power Co. v. Na-

[1] "Upon the basis of the above findings of fact and conclusions of law and pursuant to Section 10(c) of the National Labor Relations Act, the National Labor Relations Board hereby orders that the respondent, Western Massachusetts Electric Company, Greenfield, Massachusetts, and its officers, agents, successors, and assigns, shall:

"1. Cease and desist from:

"(a) Refusing to bargain collectively with International Brotherhood of Electrical Workers, Local Union #761, as the exclusive representative of all its employees in its line and meter departments at Greenfield, Amherst, Easthampton, South Deerfield, and Gardners Falls, Massachusetts . . . [with certain types of employees specifically included or excluded, as to which no question is now raised];

"(b) In any other manner interfering with, restraining or coercing its employees in the exercise of their rights to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing and to engage in concerted activities for the purposes of collective bargaining, or other mutual aid or pro-tection as guaranteed in Section 7 of the Act [29 U.S.C.A. § 157].

"2. Take the following affirmative action which the Board finds will effectuate the policies of the Act:

"(a) Upon request, bargain collectively with International Brotherhood of Electrical Workers, Local Union #761, as the exclusive representative of all its employees in its line and meter departments at Greenfield, Amherst, Easthampton, South Deerfield, and Gardners Falls, Massachusetts . . .

"(b) Post immediately in conspicuous places at its various plants and maintain for a period of at least sixty (60) days from the date of posting, notices to its employees stating (1) that the respondent will not engage in the conduct from which it is ordered to cease and desist in paragraph 1 (a) and (b) of this Order; and (2) that the respondent will take the affirmative action set forth in paragraph 2 (a) of this Order;

"(c) Notify the Regional Director for the First Region in writing within ten (10) days from the date of this Order what steps the respondent has taken to comply herewith."

tional Labor Relations Board, 10 Cir., 111 F.2d 539; Consumers Power Co. v. National Labor Relations Board, 6 Cir., 113 F.2d 38; Virginia Electric & Power Co. v. National Labor Relations Board, 4 Cir., 115 F.2d 414; National Labor Relations Board v. Gulf Public Service Co., 5 Cir., 116 F.2d 852; Pueblo Gas & Fuel Co. v. National Labor Relations Board, 10 Cir., 118 F.2d 304.

■ The jurisdiction of the Board is not defeated by the fact that some of the companies dependent upon respondent for power might be able to resort to makeshift arrangements or to substituted sources of power so as to minimize any interruptions of commerce that might result from labor difficulties between respondent and its employees. National Labor Relations Board v. Bradford Dyeing Association, 310 U.S. 318, 326, 60 S.Ct. 918, 84 L.Ed. 1226; National Labor Relations Board v. Henry Levaur, Inc., 1 Cir., 115 F.2d 105, 109; Pueblo Gas & Fuel Co. v. National Labor Relations Board, 10 Cir., 118 F.2d 304, 306.

■ Since the only specific unfair labor practice found by the Board was the refusal of respondent upon request to bargain collectively with the union duly chosen by a majority of the employees in an appropriate unit, the Board consents to a modification of its general cease and desist order in paragraph 1(b), so as to conform to the modification prescribed by the Supreme Court in National Labor Relations Board v. Express Publishing Co., 61 S.Ct. 693, 701, 85 L.Ed. ——. It is urged by respondent that paragraph 1(b) should be struck out altogether, but we see no justification for modifying the order to any greater extent than was done in the Express Publishing Co. case. Paragraph 1(b) will be modified to read as follows:

"(b) In any other manner interfering with the efforts of the International Brotherhood of Electrical Workers, Local #761, to bargain collectively with the respondent Western Massachusetts Electric Company, Greenfield, Massachusetts."

A decree will be entered enforcing the order of the Board with the modification of paragraph 1(b) as above indicated.